IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 5, | § § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-16-2505 |
| EDWARD A. BUSH, GARY ODOMS AND THE UNKNOWN HEIRS AT LAW OF CHERYL A. BUSH, DECEASED, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The Christiana Trust seeks a declaratory judgment that it may foreclose on a property. It sued Edward Bush and Gary Odoms, as well as any unknown heirs of one of the property's original purchasers. After a court-appointed attorney ad litem determined that there were no unknown heirs, the Christiana Trust moved for summary judgment, seeking an order permitting it to foreclose on the property. Neither Mr. Bush nor Mr. Odoms responded. The court grants the motion, for the reasons explained below.

**I.    Background**

In exchange for a loan, Cheryl and Edward Bush[1] executed a $64,000 promissory note in favor of the Bank of America. (Docket Entry No. 35-1 at 8). The note was secured by their property at 7715 Whidbey Island Drive, Houston, Texas 77086. The Bushes also executed a Homestead Lien Contract and Deed of Trust. (*Id.* at 12). The Christiana Trust is the current owner of the note and

---

[1] Cheryl Bush is now deceased.

is the mortgagee of the security interest in the property. (*Id.* at 22). The note required the Bushes to make regular payments; failure to make scheduled payments was a default. (*Id.* at 8). The lien agreement provided that, in the event of a default, the lienholder could accelerate the entire debt after proper notice. (*Id.* at 15).

The Bushes stopped making payments on the loan in May 2009. (*Id.* at 4). In March 2014, the Christiana Trust's mortgage servicer sent the Bushes a notice of default and intent to accelerate. (*Id.* at 26). The Bushes did not attempt to cure the default. (*Id.* at 4). The Christiana Trust's mortgage servicer sent a notice of acceleration in May 2015. (*Id.* at 41).

In November 2016, Edward Bush sent the Christiana Trust a Notice of Request to Cure that purported to identify five defects in the loan process and demanded that the Christiana Trust rectify them. (*Id.* at 53). Specifically, Edward Bush claimed that:

- the loan closed on the same day that the Bushes received an itemized disclosure of the fees and costs involved in closing instead of one or more business days after receipt of such a disclosure;
- the Bushes did not receive a copy of the final loan documents;
- the fair market value of the property identified in the loan agreements was not based on a legally sufficient appraisal of the property;
- the Bushes did not receive notice of their right to rescind the agreement within three days; and
- the parties to the agreement did not execute the required acknowledgment of the fair market value of the property as of the date of closing;

all in violation of Texas law.

2

The Christiana Trust responded to the letter within 60 days. (*Id.* at 4, 49). In response to the first complaint—failure to provide disclosures a business day before the loan closed—the Trust stated that it could not prove that the disclosures were provided timely and therefore offered to cure the defect under Article XVI, § 50(a)(6)(Q)(x)(f) of the Texas Constitution. That "catch-all" provision allows a lender to cure an otherwise incurable mortgage defect by paying $1,000 and offering to refinance or modify the loan, on its original terms but with compliant origination procedures, at no cost to the buyer. *E.g.*, *Guthrie v. Bank of N.Y. Mellon*, No. 6:12-CV-290-WSS, 2013 WL 12108605, at *2 (W.D. Tex. June 27, 2013). The Christiana Trust argued that all of the other alleged defects were meritless. As to the second objection—failure to provide a copy of the final loan documents—the Trust provided a copy of all relevant loan documents, including a form that the Bushes signed stating that they had received copies of the relevant documents. (*Id.* at 70). As to the third objection, about the alleged absence of a legally sufficient appraisal, the Christiana Trust provided a copy of an appraisal status report outlining the steps taken in the appraisal process. (*Id.* at 85). The Trust responded to the fourth objection to the notice of right to cancel by providing the Bushes' signed acknowledgments of their right to cancel the transaction. (*Id.* at 62-63). The Trust similarly responded to the fifth objection to the required agreement as to fair market value by providing the Bushes' signed acknowledgments of the fair market value of the house. (*Id.* at 66). Mr. Bush did not respond to the Trust's letter. (*Id.* at 5).

The Christiana Trust filed this lawsuit seeking a declaratory judgment permitting it to foreclose on the property. Mr. Bush filed an answer, but Mr. Odom did not. Neither Mr. Bush nor Mr. Odom responded to the Christiana Trust's motion for summary judgment.

## II.     The Legal Standard

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

"Once the moving party [meets its initial burden], the nonmoving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *LHC Grp.*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

A party's failure to respond to an opponent's motion for summary judgment does not mean that the motion should be granted by default. Rather, the court must determine whether the movant has established a prima facie case on the issues on which it carries the burden of proof. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

## III. Analysis

The motion for summary judgment is granted because the Christiana Trust has presented evidence establishing a prima facie case on the issues on which it carries the burden of proof. To foreclose on a security instrument under Texas law, a plaintiff must show that: (1) a debt exists; (2) the debt is secured by a lien created under Article XVI of the Texas Constitution; (3) the debtor is in default under the terms of the promissory note and security agreement; and (4) the debtor was properly served with notice of default and notice of acceleration. *E.g.*, *Huston v. U.S. Bank Nat.*

*Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014). The Christiana Trust has made a prima facie showing for each element. The Christiana Trust provided an affidavit and copies of the promissory note and securitization agreement showing the debt and a securitization agreement under the Texas Constitution. (Docket Entry No. 35-1). The affidavit and documents also show that the Bushes defaulted on the loan by failing to make mortgage payments beginning in 2009 and continuing to the present. (*Id.* at 4). The Christiana Trust, through its mortgage servicer, provided the required notices of default and intent to accelerate and of acceleration. (*Id.* at 4, 26, 41). The Trust's evidence shows that it is entitled to foreclose, because it is the recorded assignee of the note and security agreement. (*Id.* at 22).

Edward Bush's answer listed 18 barebones affirmative defenses, most pleaded in a single sentence. Mr. Bush has the burden of proof on those defenses, but he did not respond to the motion for summary judgment or point to evidence or argument to support the defenses. They fail as a matter of law.

It is difficult to identify the substance or factual basis of most of the affirmative defenses from the terse pleadings. The record shows that even as to defenses with an identifiable basis are meritless. Mr. Bush pleaded that the foreclosure was time-barred because the loan was accelerated in 2010. He ignores the 2014 notice of intent to accelerate, which unequivocally abandoned the earlier acceleration. *See Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015). Limitations ran from the 2015 notice of acceleration, not the 2010 notice of acceleration. Mr. Bush also pleaded that the loan agreement violated the Texas Constitution. Mr. Bush is presumably referring to the objections he raised in the request for cure letter he sent in response to the notice of acceleration. However, the Christiana Trust provided documents disproving all of the grounds for

6

objection that Mr. Bush raised (primarily signed acknowledgments that the Bushes *had* received the allegedly nonreceived documents) save for one. On the only ground for objection that the Christiana Trust did not disprove with documents showing that the alleged problem was nonexistent, the Trust invoked the constitutional catch-all cure provision and offered $1,000 and the opportunity to refinance the loan. (*Id.* at 50-51). No evidence suggests that Mr. Bush acknowledged the Trust's cure. His affirmative defenses fail as a matter of law.

## IV. Conclusion

For the reasons stated in this opinion, the Christiana Trust's motion for summary judgment is granted. The Christiana Trust provided evidence sufficient to support a prima facie case on all issues on which it bore the burden of proof, and Mr. Bush's affirmative defenses fail as a matter of law. The Christiana Trust is entitled to foreclose on the property at 7715 Whidbey Island Drive, Houston, Texas 77086. Final judgment is entered by separate order. The Christiana Trust must file any attorney's fees motion by June 21, 2017.

SIGNED on June 7, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge